UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID WILLIAM BOONE COTTRELL, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:19-CV-660-RLM-MGG |
| JOSEPH V. SIMANSKI, | |
| Defendant. | |

OPINION AND ORDER

David William Boone Cottrell, a prisoner without a lawyer, is suing Joseph V. Simanski, the public defender in his state criminal case, for "mal-practice, ineffective assistance of counsel [and] delay in judicial proceedings." ECF 1 at 1. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Cottrell is a state criminal defendant. Joseph V. Simanski is the appointed public defender in his state criminal case. "[T]o state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). While the conduct of

private actors can transform them into state actors for § 1983 purposes, the facts must allow an inference that defendant's actions are "fairly attributable to the state." L.P. v. Marian Catholic High Sch., 852 F.3d 690, 696 (7th Cir. 2017) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). The facts Mr. Cottrell alleges don't allow such an inference because a criminal defense attorney, even an appointed public defender, doesn't act under color of state law. Polk County v. Dodson, 454 U.S. 312 (1981).

Though it's usually necessary to give a plaintiff a chance to file an amended complaint when a case is dismissed without a motion, *see* Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Mr. Cottrell's is such a case.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because this complaint does not state a federa claim upon which relief can be granted.

SO ORDERED on September 16, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT